JOHN WILLIAMS, plaintiff in error, *vs.* MARK A. HUSON, defendant in error.

Where litigation was settled by a consent decree, it is incompetent upon the trial of an action for one hundred bushels of corn alleged to be due the plaintiff upon such settlement, to show that such corn was to be delivered in addition to the property specified in the decree, it not appearing that the omission to enumerate it, was due to fraud, accident or mistake.

Compromise and settlement. Evidence. Decree. Before Judge KIDDOO. Terrell Superior Court. November Term, 1874.

For the facts of this case, see the decision.

VASON & DAVIS; W. A. HAWKINS; W. G. & J. G. PARKS, by brief, for plaintiff in error.

C. B. WOOTEN, by A. HOOD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the value of one hundred bushels of corn, which the plaintiff alleges was due him on settlement of a law suit between plaintiff and defendant. It appears from the evidence in the record that the law suit between the parties was settled by the plaintiff's taking a consent decree against the defendant. On the trial of the case, the plaintiff offered to prove that it was a part of the settlement, that the defendant should deliver to him one hundred bushels of corn in addition to the other property specified in the decree, but that the corn was not inserted in the decree of settlement; that defendant promised to deliver it in a few days, but has failed to do so. This evidence was objected to by the defendant, on the ground that it *enlarged* the decree of settlement between the parties. The court sustained the objection, and awarded a non-suit, whereupon the plaintiff excepted. It does not appear from the evidence that the corn now claimed by the plaintiff was left out of the decree of settlement by fraud, accident or mistake, and therefore there was no error in ruling out the testimony offered by the plaintiff to enlarge the terms of the decree so as

to make it include the corn sued for, and in awarding the non-suit, there being no other evidence offered by the plaintiff to sustain his demand.

Let the judgment of the court below be affirmed.